UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLLEEN VINTZILEOS, <br><br> Plaintiff, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION, *et al.*, <br><br> Defendants. | Civil Action No. 24-8582 (RK) (JBD) <br><br> **MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** is before the Court by way of Defendant Costco Wholesale Corporation's ("Defendant")[1] Motion for a More Definite Statement Pursuant to Rule 12(e). (ECF No. 4 (the "Motion").) Plaintiff has not responded to the Motion. Despite the lack of detail in Plaintiff's Complaint (*see* ECF No. 4-1 ("Compl.")), the Court **DENIES** Defendant's Motion because "the basis for granting . . . a motion [under Rule 12(e)] is unintelligibility, not lack of detail." *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 737 (D.N.J. 2008).

Federal Rule of Civil Procedure ("Rule") 12(e) allows a party to move for a more definite statement when the pleading at issue is "so vague or ambiguous that the [moving] party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A court may grant a motion under Rule 12(e) when the party opposing the pleading "cannot respond, even with a simple denial, in good faith, without prejudice to itself." *MK Strategies, LLC*, 567 F. Supp. 2d at 736–37 (cleaned up) (quoting *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232–33 (D.N.J. 2003)) (noting that this is the "prevailing standard employed by Third Circuit courts"). "Because there is potential that Rule

---

[1] Defendant contends that "Costco of Brick," one of the named defendants, is "improperly identified." (*See* Motion at 1.)

12(e) could require more specificity than that required by Rule 8(a)(2) and therefore be prone to abuse by defendants, its exercise should be cast in the mold of strictest necessity." *Gittens v. Experian Info. Sols., Inc.*, No. 13-5534, 2014 WL 1744851, at *2 (D.N.J. Apr. 30, 2014) (cleaned up). "The decision to grant a Rule 12(e) motion is 'a matter committed largely to the discretion of the district court.'" *MK Strategies, LLC*, 567 F. Supp. 2d at 737 (quoting *Clark*, 213 F.R.D. at 232).

Plaintiff's Complaint, which consists of only a few short factual paragraphs, alleges that one of Defendant's employees "negligently struck Plaintiff with a shopping cart." (Compl. ¶ 4.) Plaintiff further alleges that as a result of the negligence, Plaintiff "sustained diverse personal injuries, permanent injuries, permanent disability, medical expenses, lost income and pain and suffering." (*Id.* ¶ 5.) Defendant seeks this more definite statement on the grounds the Complaint "provides absolutely no information, description, detail or indication of what the alleged defect is or what the alleged injuries are." (Motion at 5.)

To be sure, Plaintiff's Complaint is sparse on detail. But sparsity alone "is not a sufficient basis for the Court to grant Defendant's Motion." *Legette v. Texas Roadhouse*, No. 23-22622, 2024 WL 64779, at *2 (D.N.J. Jan. 5, 2024). In *Legette*, a case that bears a striking resemblance to the one now before the Court, the plaintiff alleged that she suffered "injuries that required medical treatment, incurred medical expenses, and now has permanent disabilities." *Id.* at *1. The court denied the defendant's motion under Rule 12(e), finding that the plaintiff's allegations were not unintelligible. *Id.* at *3; *see also Catanzaro v. Texas Roadhouse, Inc.*, No. 24-1117, 2024 WL 4626324, at *4 (D.N.J. Oct. 30, 2024) (denying a similar Rule 12(e) motion on identical grounds).[2] Furthermore, the court reasoned that the defendant could still make a "good-faith, general denial"

---

[2] This Court notes that the motions in the two *Texas Roadhouse* cases were brought by the same attorney who brings the subject Motion in this case.

of negligence based on the information provided, even without knowing the "specific cause or nature" of the plaintiff's alleged injuries." *Legette*, 2024 WL 67449, at *3. Here too, Plaintiff has set forth the basic facts supporting her claims for negligence and related injuries. Although Defendants argues in its Motion that it "cannot adequately defend this matter . . . with such vague pleadings," (Motion at 5), this Court finds that Defendant could still conceivably respond with a "general denial of Plaintiff's negligence claim" if desired. *Legette*, 2024 WL 67449, at *3. Whether Plaintiff's allegations are sufficient to state a claim for relief is an entirely different issue, not appropriately addressed through a Rule 12(e) motion. *Id.* at *2. For the foregoing reasons, Plaintiff's Complaint is not sufficiently plagued with vagueness or ambiguity as to warrant a grant of Defendant's Motion under 12(e).

Accordingly, **IT IS** on this 16th of December 2024, **ORDERED** that:

1. Defendant's Motion for a More Definitive Statement Pursuant to Rule 12(e) (ECF No. 4) is **DENIED**; and

2. The Clerk of the Court shall terminate the Motion (ECF No. 4); and

3. Within fourteen (14) days, Defendant shall respond to the Complaint via Answer or pursuant to the Court's Rules and Procedures.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**